884 F.2d 1388
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Wilfred HART, Jr., Petitioner-Appellant,
v.
US ATTORNEY GENERAL, Respondent-Appellee.
 No. 88-7782.
 United States Court of Appeals, Fourth Circuit.
 Submitted May 12, 1989.
Decided Aug. 29, 1989.
Rehearing and Rehearing In Banc Denied Oct. 19, 1989.
 
 Wilfred Hart, Jr., appellant pro se.
 Paul Martin Newby, (Office of the United States Attorney), for appellee.
 Before WIDENER, K.K. HALL, and SPROUSE, Circuit Judges.
 PER CURIAM:
 
 
 1
 Wilfred Hart, a federal pre-trial detainee, filed a 28 U.S.C. Sec. 2241 petition claiming his right to a speedy trial was being denied. The district court held that because Hart had been transferred to another federal district after he had filed his Sec. 2241 petition, it did not have jurisdiction to hear Hart's petition. We affirm.
 
 
 2
 The sequence of events in this case began on April 30, 1986, when Hart was arrested in Fort Stockton, Texas, on an outstanding federal arrest warrant for distribution of cocaine issued out of Bangor, Maine. Subsequently, Hart waived extradition and arrived in Maine on July 9, 1986. The record then shows that the prosecution on Hart's cocaine charge was stalled.[1] On January 20, 1988, the district court in Maine ordered Hart to undergo an examination to determine his competency to stand trial. Hart was sent to F.C.I. Butner for the examination. On January 30 Hart was sent back to Maine to testify in another trial and he was returned to Butner on February 10. He was discharged from Butner on March 18. The record indicates that Hart was sent back to Maine, again to remain in his pre-trial status. This case arises from the fact that Hart filed a Sec. 2241 petition contending the district court in Maine violated his constitutional right to a speedy trial.
 
 
 3
 Initially, we note that although it is clear that Hart was in Maine at the time the petition was filed by the district court, the recort is unclear whther Hart gave the petition to officials at Butner for filing while he was still placed there. Cf. Houston v. Lack, 56 U.S.L.W. 4728 (U.S. June 24, 1988) (No. 87-5428). Without holding the Lack could ever be applied in these circumstances, we think that the district court properly interpreted this confusing record and refused to exercise jurisdiction because the district court in Maine is the proper court to resolve Hart's speedy trial claim. This holding is well founded on the established rule governing the exercise of habeas jurisdiction in these situations--habeas corpus is an avenue of last resort and should not be used as a substitute for an appeal. See Henry v. Henkel, United States Marshal, 235 U.S. 219, 229 (1914); Martin-Trigona v. Shiff, 702 F.2d 380, 388 (2d Cir. 1983). Thus, matters raising disputed questions of law or fact are normally determined by the trial court. Henry, 235 U.S. at 229. We deem Hart's petition subject to this rule. Furthermore, Hart's petition does not present a situation involving "exceptional circumstances" sufficient to justify an exception to this rule. See Bowen v. Johnston, 306 U.S. 19, 27 (1939); Martin-Trigona, 702 F.2d at 388. In this regard, we note that Hart is free to raise his speedy trial claim in the district court where his criminal case is pending in a Fed.R.Crim.P. 12(b) motion. Thus, it is clear that Hart is not without avenues of relief. Moreover, this approach is consistent with the Court's decision in United States v. MacDonald, 435 U.S. 850 (1978), which held that orders denying a speedy trial motion are not immediately appealable. Id. at 861-63. That is, by requiring Hart to raise his speedy trial claim in the district court where his criminal case is pending, we insure that Hart will not be able to circumvent the rule of MacDonald.
 
 
 4
 Accordingly, we hold that the district court properly refrained from exercising its jurisdiction in these circumstances for the reasons stated above.[2] We dispense with oral argument because the facts and legal contentions are adequately presented on this record and oral argument will not aid the decisional process.
 
 AFFIRMED
 
 
 [1]
 Possible reasons for the delay include the need for three separate, superseding indictments, and the need to have Hart testify in other criminal trials and undergo a competency examination
 
 
 [2]
 We deny Harts motions to strike the government's informal brief and seeking an extension of time to file a reply brief as frivolous. We grant Hart's motion to file an amended brief and have reviewed the submitted material. We conclude that the amended brief does not change our view of the issues presented. In light of our disposition, we deny Hart's motion for summary disposition